UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| BOBBIE MANNING, | ) | |
| | ) | Case No. 1:15-cv-75 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| TOWN OF ENGLEWOOD TENNESSEE, | ) | |
| *et al.*, | ) | |
| | ) | |
| *Defendant*. | | |

**MEMORANDUM OPINION**

This action was removed to this Court pursuant to 28 U.S.C. § 1441. The notice of removal alleged that this Court had jurisdiction under 28 U.S.C. § 1331 based on Plaintiff's claim that Defendants had violated federal laws regarding the employment of disabled persons. (Doc. 1, at 1.) There was no allegation of diversity among the parties. (Doc. 1.)

On February 18, 2016, Defendant filed a motion for summary judgment on all of Plaintiff's claims. (Doc. 44.) Plaintiff filed a motion for an extension[1] and then filed his response on March 15, 2016. (Doc. 51.) In Plaintiff's memorandum, he concedes that Defendant is entitled to summary judgment on all of his claims except for "(a) his claim against the Town of Englewood under the Tennessee Public Protection Act and (b) his alternative claim, raised in both his original complaint in state court and his amended complaints in this court, that he was never fired by the Town of Englewood and that he is still, in effect, the legal Town Manager of Englewood, Tennessee." (Doc. 51, at 2.) Based on Plaintiff's concession, the Court

---

[1] Given that Defendant did not oppose this motion, the Court hereby **GRANTS** the motion for extension. (Doc. 48.)

hereby **GRANTS IN PART** Defendant's motion for summary judgment to the extent that it seeks summary judgment as to Plaintiff's other claims. (Doc. 44.)

"[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006). According to 28 U.S.C. § 1367, the Court may decline to exercise supplemental jurisdiction over claims for which it does not have original jurisdiction if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Continuing to exercise supplemental jurisdiction should only be done "in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh [] concern over needlessly deciding state law issues." *Id.* (internal quotation omitted). When "all federal law claims are eliminated before trial, the balance of factors to be considered under pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

The factors set forth in 28 U.S.C. § 1367 clearly militate in favor of declining to exercise jurisdiction. Plaintiff's claims are quintessential state law claims. His first claim alleges that his termination was against Tennessee public policy—a matter of State concern. His second claim deals with the circumstances under which the Town of Englewood, a Tennessee locality, may effectively remove a local official—a question upon which the parties agree "little Tennessee

2
Case 1:15-cv-00075-TRM-CHS   Document 54   Filed 03/18/16   Page 2 of 3   PageID #: 811

law exists." (*Compare* Doc. 45, at 26 *with* Doc. 51, at 15.) The Court sees no reason to insert itself into such matters of local concern. Finally, these state law issues clearly predominate over the federal claims given that Plaintiff concedes the federal claims should be dismissed and on the basis of that concession, the Court has granted summary judgment on all of the remaining federal law claims.

The Court finds that the interests of judicial economy and abstaining from needlessly deciding state-law issues weigh in favor of declining to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Accordingly, the Court will **REMAND** Plaintiff's remaining claims back to McMinn County Circuit Court.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**